## CALVIN MASON *vs.* CHESHIRE IRON WORKS.

Liability as a stockholder for a judgment debt of a corporation is not established merely by proof that in the suit in which the judgment was recovered, the person sought to be charged as a stockholder was summoned and failed to appear.

CONTRACT upon a judgment recovered against a corporation. James N. Richmond was summoned as a stockholder, and, the corporation being defaulted, the action proceeded against him alone. At the trial in the superior court, the plaintiff offered evidence to show that he recovered judgment as alleged, and that the original writ in that action was served upon Richmond as a stockholder, who made no appearance. It appeared that an execution was issued on the judgment, but it was not produced, and there was no further evidence in regard to it. There being

no further evidence that Richmond was liable as a stockholder *Rockwell,* J. ruled that he could not be held liable in this action; and the plaintiff alleged exceptions.

*J. C. Wolcott,* for the plaintiff.

*H. L. Dawes & S. W. Bowerman,* for the defendants.

BIGELOW, C. J.  The only evidence offered by the plaintiff to charge Richmond as a stockholder in the corporation liable for the payment of the debt sought to be recovered in this suit was the former judgment against the corporation set out in the declaration, recovered in an action in which said Richmond had been summoned as a stockholder, and made no appearance in answer to the summons.  This was clearly insufficient to show that he was liable for this debt.  It did not prove that he was a stockholder when the present cause of action accrued, that is, when the judgment declared on was rendered, nor at any subsequent period.  The prior debt on which the judgment was founded had become merged.  *Handrahan* v. *Cheshire Iron Works, ante,* 396.  Richmond could therefore be held liable for the judgment only by proof that he was a stockholder at the time of its rendition, or had been a holder of shares subsequently.  It was necessary to show that he was liable for the new debt created by the judgment.  This was not proved by showing that he was summoned in the present action as a stockholder, and made no appearance.  To give the evidence such effect would be to hold that it was equivalent to a judgment by which it was conclusively settled that a stockholder so summoned and failing to appear was liable for the judgment recovered in the action.  But such is not its necessary legal effect. The same proceedings would be had and the same record be made up in a case where the liability of the stockholder existed not by reason of his holding shares in the corporation at the time of the rendition of the judgment, but because he held them when the original debt was contracted, or the cause of action accrued which has become merged in the judgment.  The evidence, therefore, of the former judgment and of the proceedings on which it was founded left wholly in doubt the essential fact that the defendant was a stockholder and liable for the debts of

the corporation at the time when the new cause of action, created by the judgment, first accrued.

*Exceptions overruled.*